NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Duane Mullet, | No. CV-23-01902-PHX-SRB |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Petitioner, Michael Duane Mullet was convicted in state court of multiple counts of Fraudulent Schemes and Artifices and one count of Theft. He pursued a direct appeal to the Arizona Court of Appeals where his conviction was affirmed and pursued a Petition for Post-Conviction Relief thereafter that was denied by the trial court. Review was denied by the Arizona Court of Appeals. Thereafter, Petitioner filed a timely Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1). After the Petition was fully briefed, the Magistrate Judge issued her Report and Recommendation on June 10, 2024 recommending that the Petition be denied and dismissed with prejudice. Petitioner filed his Qualified Objections to Magistrate Judge's Report and Recommendation on June 25, 2024.

Petitioner's fourteen-page filing devotes eleven and a half of those pages to a recitation of the terms of a written contract between Petitioner and his employer, Petitioner's understanding of contract law and the parole evidence rule, and his analysis of the evidence presented at his trial. Petitioner concludes that the facts and law demonstrate

his innocence of the crimes for which he was convicted.  Petitioner spends a total of two-pages on his objections to the Magistrate Judge's Report and Recommendations.  But even those two-pages fail to argue where the Magistrate Judge erred in her analysis or conclusions.

Of the Six Grounds alleged in his Petition, the Magistrate Judge concluded that Grounds One and Three were procedurally defaulted without excuse, Ground Two was without merit and Grounds Four, Five and Six raised claims that were not cognizable on habeas review.  Petitioner's Objections do not challenge that Grounds Four, Five and Six cannot be reviewed in a federal habeas petition.  Petitioner does not object to the finding of procedural default on Grounds One and Three. Petitioner does not challenge the Magistrate Judge's finding that his ineffective assistance claim in Ground Two is subject to a doubly deferential standard of review and that the state court's decision was neither objectively unreasonable nor contrary to federal law.  Instead, Petitioner continues to write about a supposed addendum to the contract that was never admitted and would supposedly prove his innocence.  But as the Magistrate Judge noted, no such addendum has been supplied by Petitioner to demonstrate ineffective assistance or an alleged *Brady* violation.

The Court finds itself in agreement with the Report and Recommendation of the Magistrate Judge and finds Petitioner's Objections to be without merit.

IT IS ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 16)

IT IS FURTHER ORDERED overruling Petitioner's Qualified Objections to Magistrate's Report and Recommendation. (Doc. 17)

IT IS FURTHER ORDERED denying Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody and dismissing it with prejudice. (Doc. 1)

IT IS FURTHER ORDERED denying any Certificate of Appealability and leave to proceed in forma pauperis on appeal. The dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and

because Petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 18th day of July, 2024.

Susan R. Bolton
United States District Judge